## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFOMEDIA GROUP, INC. D/B/A CARENET HEALTHCARE SERVICES. <br><br> Plaintiff, <br><br> v. <br><br> REHINGED, INC., <br><br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff InfoMedia Group, Inc. d/b/a Carenet Healthcare Services ("Plaintiff"), by and through its undersigned attorneys, for its Complaint against the Defendant Rehinged, Inc. ("Defendant") alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for trademark infringement under the United States Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

## PARTIES

2.  Infomedia Group, Inc. d/b/a Carenet Healthcare Services ("Carenet" or "Plaintiff") is a Texas corporation with a principal place of business at 11845 1H 10 West, Suite 400, San Antonio, Texas 78230.

3.  Rehinged, Inc. ("Rehinged" or "Defendant") is a corporation organized under the laws of the State of Delaware having a place of business at 550 West B Street, 4th Floor, San Diego, California 92101. Defendant has appointed United Corporate Services, Inc., 800 North State Street, Suite 304, Dover, Delaware 19901 as its registered agent.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331.

5. Defendant is subject to personal jurisdiction in this District because, on information and belief, it is incorporated in the State of Delaware and its registered agent is located in the State of Delaware.

6. Venue in this District is proper under 28 U.S.C. § 1391 because, on information and belief, Defendant is incorporated in the State of Delaware and has committed acts of infringement in this District.

## BACKGROUND

### A. Plaintiff's Trademark.

7. Plaintiff is a well-respected provider of consumer support and consulting services in the healthcare field, doing business under the name "Carenet Health." Plaintiff's services leverage data and technology to improve consumer engagement.

8. Plaintiff is the owner of the federally registered trademark "CARENET" (Registration No. 5,389,238), a copy of which is attached hereto as Exhibit A.

9. Plaintiff registered the CARENET mark with the United States Patent and Trademark Office on January 30, 2018, for "Consulting services in the field of nursing, via telephone call centers and Internet based systems through telecommunications-enabled devices; providing virtual healthcare guidance and healthcare treatment, namely medical services," in Class 44 and "Management of telecommunication systems, namely, telephone call centers for others via telecommunications-enabled devices; operation of telecommunication systems, namely, telephone call centers for others via telecommunications-enabled devices" in Class 35.

10. Plaintiff has the exclusive right to use the CARENET trademark in connection with the services identified in the registration.

11. Plaintiff additionally has common law rights to the CARENET trademark that date back at least as early as 2005.

12. Plaintiff has been continuously using its CARENET trademark since as early as 2005.

13. Since at least 2005, Plaintiff has continually used the CARENET in advertising campaigns and on its website www.carenethealth.com.

14. Plaintiff has also used the CARENET mark in connection with activities promoting its brand in the community, including through the sponsorship of various events.

15. Plaintiff has made substantial investments in advertising and promoting the goods and services offered in connection with the CARENET trademark.

16. As a result of its use of the CARENET trademark, Plaintiff has developed substantial customer recognition and goodwill in the CARENET trademark in the field of healthcare consulting and telehealth.

**B. Defendant's Infringement.**

17. Since at least as early as 2022, Defendant has used the CARENET trademark in commerce in connection with its Carenet AI product, a platform that provides consulting services for use in the healthcare field.

18. Defendant has used and continues to use the CARENET trademark on its website, https://www.carenet.ai/.

19. Defendant has also used the CARENET trademark in press releases promoting its Carenet AI product.

20. Defendant has used and continues to use the CARENET trademark for services that are the same as or highly similar to the services identified in Plaintiff's CARENET registration.

21. Defendant's descriptions of its Carenet AI product on its website and in promotional materials convey that it is specifically intended to provide information and guidance in the healthcare field, utilizing data and technology.

22. Because of Defendant's use of the CARENET mark, and the similarities between Plaintiff's offerings and the services of the Carenet AI product, there is a high likelihood of customer confusion caused by Defendant's infringement.

23. In early 2022, Plaintiff became aware of Defendant's unauthorized use of the CARENET mark.

24. On February 4, 2022, Plaintiff's counsel sent a letter to Defendant, informing it of the CARENET trademark and demanding that Defendant cease and desist from infringing the mark immediately.

25. Plaintiff's February 4, 2022 letter reserved the right to take further legal action in the event that Defendant did not timely comply with its demand.

26. In a February 10, 2022 response to Plaintiff's February 4, 2022 letter, Defendant refused to cease using the trademark.

27. Defendant's infringement of the CARENET trademark continued following the February 2022 correspondence.

28. On March 13, 2024, Plaintiff's counsel sent another letter informing Defendant of its trademark and demanding again that Defendant cease its infringing use of the mark and transfer ownership of the https://www.carenet.ai/ domain to Plaintiff.

29. In an e-mail response to Plaintiff's March 13, 2024 letter, Defendant's counsel once again refused to cease using the CARENET mark, referring Plaintiff to its February 10, 2022 letter and providing no further explanation.

## COUNT I
### Trademark Infringement in Violation of 15 U.S.C. §§ 1114 and 1125(a)

30. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

31. Plaintiff owns a valid and legally protectable interest in the registered trademark CARENET.

32. Defendant has used and continues to use Plaintiff's trademark in commerce to identify its Carenet AI product.

33. Consumers are likely to be confused by Defendant's use of the trademark, leading customers to mistakenly believe that Defendant's Carenet AI services are being offered by Plaintiff's business, Carenet Health.

34. As a result of Defendant's unauthorized use of the trademark, consumers are likely to mistakenly believe that Plaintiff sponsors, approves, or is otherwise associated with Defendant's services.

35. Defendant's infringement of the CARENET mark is knowing, intentional, and willful.

36. Because of Defendant's infringement as alleged above, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill.

37. Plaintiff has no adequate remedy at law for Defendant's infringement.

38. Unless enjoined by this Court, Defendant will continue to do the acts complained of herein and cause irreparable harm to Plaintiff.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. A finding that Defendant has infringed the CARENET mark;

B. A finding that Defendant's trademark infringement was intentional;

C. Disgorgement of Defendant's profits realized through use of the CARENET mark;

D. An award of actual damages for Defendant's infringement of the CARENET mark;

E. An award of treble damages pursuant to 15 U.S.C. § 1117(a);

F. Reimbursement of costs and attorneys' fees from the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a).

G. An injunction preliminarily and permanently enjoining and restraining Defendant, Defendant's employees, agents, and representatives, and all persons acting in concert or in participation with Defendant, from using Plaintiff's federally registered trademark CARENET in connection with the service's identified in Plaintiff's trademark registration.

H. Any other and further relief as may be just and equitable.

## **JURY DEMAND**

Plaintiff hereby demands and requests a trial by jury.

| | |
|---|---|
| Dated: September 5, 2024. | **McCARTER & ENGLISH, LLP** |
| Of Counsel: | /s/ *Daniel J. Brown*<br>Daniel J. Brown (#4688) |
| Jessica Hutson Polakowski<br>**Reinhart Boerner Van Deuren s.c.**<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>414.298.1000<br>jpolakowski@reinhartlaw.com | Maliheh Zare (#7133)<br>405 N. King Street, 8th Floor<br>Wilmington, Delaware 19081<br>(302) 984-6300<br>djbrown@mccarter.com<br>mzare@mccarter.com |
| | *Attorneys for Plaintiff* |